WILEY *v.* PERE MARQUETTE RAILWAY CO.

1. MASTER AND SERVANT—SCOPE OF EMPLOYMENT—QUESTION FOR JURY.
    Testimony by a railroad patrolman that, at the time his revolver fell and accidentally injured plaintiff in her own home, where he had gone to look for stolen property of defendant company, he was about the business of the company, was sufficient to carry to the jury the question of whether, at said time, he was acting within the scope of his employment.[1]

2. SAME—DUTY OF MASTER TO SUPERVISE CARRYING OF REVOLVER.
    Where a railroad company obtained a permit for its patrolman to carry a revolver, there was a positive duty resting upon it to so supervise the carrying of such a dangerous instrumentality as to safeguard third persons from injury arising from its accidental discharge.[2]

3. SAME—MASTER LIABLE WHERE FAILING TO SUPERVISE CARRYING OF REVOLVER.
    Where a railroad company failed to supervise the carrying of a revolver by its patrolman, the permit for which it had obtained, and a third person was injured by its accidental discharge when it fell because it was not provided with a safety device, it is liable, irrespective of whether, at the time of the accident, the patrolman was acting within the scope of his employment.[3]

4. APPEAL AND ERROR — WHETHER VERDICT AGAINST WEIGHT OF EVIDENCE NOT REVIEWABLE WHERE MOTION FOR NEW TRIAL NOT PASSED UPON.
    The Supreme Court will not consider the question of whether the verdict is against the great weight of the evidence, where defendant's motion for a new trial was not passed upon by the trial judge.[4]

Error to Isabella; Hart (Ray), J.    Submitted April 28, 1926.    (Docket No. 65.)    Decided June 7, 1926.

[1]Master and Servant, 39 C. J. § 1593; [2]Id., 39 C. J. § 1483; [3]Id., 39 C. J. § 1483; [4]Appeal and Error, 3 C. J. § 864.

Case by Mary M. Wiley against the Pere Marquette Railway Company for personal injuries.    Judgment for defendant *non obstante veredicto.*    Plaintiff brings error.    Reversed, and judgment ordered entered on the verdict.

*Joseph Bowler* and *Alpheus A. Worcester,* for appellant.

*W. K. Williams* and *John C. Shields* (*Virgil W. McClintic,* of counsel), for appellee.

WIEST, J.    Samuel Spaulding, an employee of defendant company, styled by himself a detective, and designated by the company a patrolman, armed with a revolver, carried under permit, called at the door of a small one-room building located on the railroad company property, but leased to another company and occupied by plaintiff, her husband and little child, and asked permission to search the room.    Receiving no reply from plaintiff, who was seated upon a couch, he knocked a block from the hand of a small child standing in the doorway, and, while stooping, ostensibly to pick up the block, but in reality to peek under the couch, his revolver fell from its holster, and, not being provided with any safety device, exploded when it struck the floor, and shot plaintiff in the thigh, causing a painful wound, from which the bullet has not been extracted, and which, it is claimed, will cause her permanent discomfort.    Plaintiff was awarded a verdict of $2,500.    Defendant moved for judgment notwithstanding the verdict, and also for a new trial. The court entered judgment for defendant on the ground that the patrolman was not, at the time of the accident, acting within the scope of his employment. Plaintiff reviews by writ of error.

We think the trial judge was in error in entering judgment for defendant.    Spaulding's testimony was

to the effect that he was about the business of defend-
ant company intrusted to him, and had reason for look-
ing in this home for stolen goods, and was there on
such errand.  Without further stating his testimony,
we think it carried to the jury the question of whether,
at the time of the accident, he was acting within the
scope of his employment.  The learned trial judge
left this question to the jury, and the verdict, supported
by evidence, fixed the fact that Spaulding was acting
within the scope of his employment.  The question
was one of fact and not one of law.  There is, how-
ever, another ground supporting recovery by plaintiff.
It was the duty of defendant company, in arming its
employee, to so supervise the method and means of
carrying the firearm as to safeguard persons from
injury arising from its accidental discharge.

The employee was carrying the revolver under per-
mit obtained by defendant.  The revolver was carried
in an open holster near the left shoulder, from which
it would fall when the employee stooped over far
enough, and from which it had so fallen on a previous
occasion.  The revolver was not provided with a
safety device calculated to prevent its discharge upon
striking the floor.  There was a positive duty resting
upon defendant to supervise the carrying of this
dangerous instrumentality by its employee, for the
firearm was in the service of defendant and carried
by its servant under permit obtained for that purpose.
This duty to protect third persons from injury, by
reason of careless carrying of an unsafe revolver, was
not performed by defendant, and plaintiff, having been
injured because this duty was not performed, is en-
titled to recover damages, irrespective of whether the
act was or was not within the scope of the servant's
employment.  Plaintiff counted on the careless way
of carrying the revolver and its want of safety devices.

Defendant has also assigned error upon the refusal

of the trial court to give requested instructions to the jury.    We find no error with reference to such requested instructions entitling defendant to a new trial. Defendant's motion for a new trial not having been passed on by the circuit judge, we may not consider the question of whether the verdict is against the great weight of the evidence.    Upon this record plaintiff is entitled to judgment on the verdict.

The judgment entered is reversed, with costs to plaintiff, and the case is remanded to the circuit with direction to enter judgment on the verdict.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.